UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN FRANCISCO, CA

| | |
|---|---|
| **In the Matter of:** | **File Number:** ▇▇▇▇ |
| ALEMAN-GONZALES, ESTEBAN | IN BOND PROCEEDINGS |
| Respondent | Date: March 23, 2018 |

**On Behalf of the Applicant**
Lisa Knox
Centro Legal de la Raza
3400 East 12th St.
Oakland, CA 94601

**On Behalf of DHS**
Assistant Chief Counsel
Department of Homeland Security
630 Sansome Street
San Francisco, CA 94111

## MEMORANDUM DECISION OF THE IMMIGRATION JUDGE

### I. STATEMENT OF CASE AND FACTS

On or about August 30, 2017, Respondent was detained by Immigration and Customs Enforcement. On September 5, 2017, Respondent was placed in withholding only proceedings. On February 20, 2018, Respondent, through counsel, requested a bond hearing pursuant to and *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011). The Court denied his request asserting that the court lacked jurisdiction to hold custody proceedings.

### II. LAW & ANALYSIS

#### A. Jurisdiction

The jurisdiction of an Immigration Judge is defined and limited by "the powers and duties delegated to them by the Act and by the Attorney General through regulation;" therefore, an Immigration Judge does not have the authority to unilaterally and arbitrarily expand jurisdiction for custody redetermination. *See* 8 C.F.R. § 1003.10(b).

An Immigration Judge's authority to conduct a custody redetermination hearing is provided and circumscribed by 8 C.F.R. §§ 1003.19(a) and 1236.1(d), which limit bond jurisdiction to aliens in removal proceedings under INA § 240. An Immigration Judge may not assume jurisdictional authority where not specifically granted. *Matter of Werner*, 25 I&N Dec.

1

45, 46 (BIA 2009) ("It is well established, however, that the Immigration Judges only have the authority to consider matters that are delegated to them by the Attorney General and the Immigration and Nationality Act."); *see also* 8 C.F.R. § 1003.10(b).

In withholding-only cases, the Department initiates proceedings by filing a Notice of Referral under 8 C.F.R. § 1208.31(e), in contrast to filing a Notice to Appear to place aliens in removal proceedings under INA § 240. *See* INA § 239(a)(1). This is significant as the regulations limit the Immigration Judge's bond jurisdiction to respondents who are in removal proceedings under INA § 240 and does not extend an Immigration Judge's authority to aliens detained in withholding-only proceedings. 8 C.F.R. §§ 1003.19(a); 1236.1(d); *Matter of Werner*, 25 I&N Dec. at 46-47 (holding that an Immigration Judge lacks jurisdiction to hold a bond hearing when the alien has been issued a Notice of Referral and not a Notice to Appear). Furthermore, an Immigration Judge's jurisdiction in a withholding-only case is narrowly confined to "full consideration of the request for withholding of removal *only*." 8 C.F.R. §§ 1208.31(e) (emphasis added); *see Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35 (2006) (section 241(a)(5) of the Act "explicitly insulates the removal orders from review, and generally forecloses discretionary relief from the terms of the reinstated order"); *see also Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 491 (9th Cir. 2007) (Congress intended reinstatement under section 241(a)(5) to be a different and far more summary procedure than removal under section 240 of the Act). The regulations neither explicitly nor implicitly include custody redetermination within the scope of jurisdiction conferred on an Immigration Judge in withholding-only proceedings. 8 C.F.R. §§ 1208.31(e); 1208.16.

The Court is cognizant of the litany of cases from the Ninth Circuit regarding aliens facing prolonged detention. The Ninth Circuit has decided several cases that expand the Immigration Judge's authority to conduct custody redetermination hearings beyond the statutory and regulatory framework. *See Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008); *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008); *Diouf v. Napolitano (Diouf II)*, 634 F.3d 1081 (9th Cir. 2011). Importantly, these cases all involved aliens who were originally placed in removal proceedings under INA § 240 and who were seeking judicial review of their removal orders issued while in removal proceedings. However, the Court finds the applicant's case to be distinguishable from the cases addressed by the Ninth Circuit previously. As discussed above, he is not in removal proceedings but limited withholding-only proceedings, and no above-cited case extends an Immigration Judge's bond authority to applicants in withholding-only proceedings. Additionally, in *Casas-Castrillon* and *Diouf II*, the respondents were subject to a stay of removal issued by the Ninth Circuit. *Casas-Castrillon*, 535 F.3d at 945; *Diouf II*, 634 F.3d at 1083. Lastly, the underlying basis in which the Ninth Circuit opined in dicta regarding an alien's right to a bond proceeding in *Doiuf II*, has been serious undercut by recent Supreme Court decision in *Jennings v. Rodriguez*, 583 U.S. ___ (2018).

Therefore, due to the intentionally limited nature of these proceedings, which differs in the manner of initiation and scope of proceedings, the Court finds that neither the Act nor the regulations confer authority to an Immigration Judge to grant bond to an applicant in withholding-only proceedings. The Court thus denies the applicant's request for a bond due to lack of jurisdiction.

2

III.  **ORDER**

Accordingly, the Court shall enter the following order:

**IT IS HEREBY ORDERED** that the request for a custody redetermination hearing is **DENIED FOR LACK OF JURISDICTION.**

Joseph Y. Park
Immigration Judge