Marc Van Der Hout, CA SBN 80778
Judah Lakin, CA SBN 307740
Amalia Wille, CA SBN 293342
Van Der Hout, Brigagliano & Nightingale LLP
180 Sutter Street, Suite 500
San Francisco, CA 94104
Tel: (415) 981-3000
Fax: (415) 981-3003
ndca@vblaw.com

Alison Pennington, CA SBN 231861
Lisa Knox, CA SBN 279406
Julia Rabinovich, CA SBN 290730
Jesse Newmark, CA SBN 247488
Centro Legal de la Raza
3400 E. 12th Street
Oakland, CA 94601
Tel: (510) 679-1608
Fax: (510) 427-9164
apennington@centrolegal.org

*Attorneys for Plaintiffs-Petitioners and the Proposed Class*
*(Additional Counsel listed on following page)*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

Esteban ALEMAN GONZALEZ; Jose Eduardo GUTIERREZ SANCHEZ,

Plaintiffs-Petitioners,

v.

Jefferson B. SESSIONS, Attorney General, Department of Justice; Kirstjen NIELSEN, Secretary, Department of Homeland Security; James McHENRY, Director, Executive Office for Immigration Review, Department of Justice; MaryBeth KELLER, Chief Immigration Judge, Executive Office for Immigration Review, Department of Justice; Erik BONNER, Acting Field Office Director for the San Francisco Field Office of U.S. Immigration and Customs Enforcement, Department of Homeland Security; David O. LIVINGSTON, Sheriff, Contra Costa County; Kristi BUTTERFIELD, Facility Commander, West County Detention Facility, Contra Costa County,

Defendants.

Case No. 3:18-CV-01869-JSC

REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

Date: May 31, 2018
Time: 9:00 a.m.
Place: 15th Floor, Courtroom F
Before: Hon. Jacqueline Scott Corley

Matthew H. Green, AZ SBN 020827*
Law Offices of Matthew H. Green
130 West Cushing Street
Tucson, AZ 85701
Tel: (520) 882-8852
Fax: (520) 882-8843
matt@arizonaimmigration.net

Vasudha Talla, CA SBN 316219
Julia Mass, CA SBN 189649
American Civil Liberties Union
Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
Tel: (415) 621-2493
Fax: (415) 255-8437
jmass@aclunc.org
vtalla@aclunc.org

Michael Kaufman, CA SBN 254575
American Civil Liberties Union
Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Tel: (213) 977-5232
Fax: (213) 977-5297
mkaufman@aclusocal.org

Bardis Vakili, CA SBN 247783
American Civil Liberties Union Foundation
of San Diego and Imperial Counties
P.O. Box 87131
San Diego, CA 92138-7131
Tel: (619) 232-2121
Fax: (619) 232-0036
bvakili@aclusandiego.org

*Attorneys for Plaintiffs-Petitioners and the Proposed Class*

* admitted *pro hac vice*

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 1
II. ARGUMENT .......... 2
A. Plaintiffs Satisfy the Rule 23(a) Requirements .......... 2
1. Commonality .......... 2
2. Typicality .......... 5
3. Adequacy .......... 7
4. Numerosity .......... 8
B. Section 1252(f)(1) Does Not Bar Class Certification Under Rule 23(b)(2) .......... 8
III. CONCLUSION .......... 10

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION i
No. 3:18-CV-01869-JSC

**TABLE OF AUTHORITIES**

**Cases**

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455 (2013) ..... 3
*Califano v. Yamasaki*, 442 U.S. 682 (1979) ..... 5
*Clark v. Martinez*, 543 U.S. 371 (2005) ..... 3
*Diouf v. Napolitano* ("*Diouf II*"), 634 F.3d 1081 (9th Cir. 2011) ..... 1, 3, 4, 6
*DL v. District of Columbia*, 302 F.R.D. 1 (D.D.C. 2013) ..... 7, 8
*Doe v. Charleston Area Medical Ctr.*, 529 F.2d 638 (4th Cir. 1975) ..... 8
*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ..... 5
*Hernandez v. Cty. of Monterey*, 305 F.R.D. 132 (N.D. Cal. 2015) ..... 5
*INS v. St. Cyr*, 533 U.S. 289 (2001) ..... 9
*Jennings v. Rodriguez*, 138 S. Ct. 830 (2018) ..... 3, 9, 10
*Kas v. Financial General Bankshares, Inc.*, 105 F.R.D. 453 (D.D.C. 1984) ..... 6
*Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014) ..... 3, 6
*Preap v. Johnson*, 303 F.R.D. 566 (N.D. Cal. 2014) ..... 5, 6
*Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008) ..... 4
*Rodriguez v. Hayes (Rodriguez I)*, 591 F.3d 1105 (9th Cir. 2010) ..... *passim*
*Rodriguez v. Holder*, No. CV 07-3239 TJH RNBX, 2013 WL 5229795 (C.D. Cal. Aug. 6, 2013) ..... 10
*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ..... 1, 3
*Zadvydas v. Davis*, 533 U.S. 678 (2001) ..... *passim*

**Statutes**

8 U.S.C. § 1225(b) ..... 4
8 U.S.C. § 1236(a), (c) ..... 4
8 U.S.C. § 1231(a)(6) ..... 1, 3, 4, 10

8 U.S.C. §§ 1221–1232 .......... 8
8 U.S.C § 1252(f)(1) .......... 2, 8, 9
28 U.S.C. § 2241 .......... 9

**Rules**

Fed. R. Civ. P. 23 .......... 2, 6, 8, 9, 10

## I.     INTRODUCTION

Defendants' challenge to certification of Plaintiffs' proposed class under Rule 23 essentially rests on a single erroneous argument: that Plaintiffs' statutory and constitutional claims to a bond hearing are not common because there are differences among Plaintiffs and their underlying immigration proceedings. Contrary to Defendants' assertion, these differences are legally irrelevant to the claims and legal questions at the core of this case. Defendants have not and cannot dispute that the named Plaintiffs and the class they seek to represent (collectively, "Plaintiffs") are all detained pursuant to 8 U.S.C. § 1231(a)(6). Nor have Defendants disputed that they have a common practice of denying Plaintiffs individual bond hearings after they exceed six months in detention. In denying bond hearings to each class member, Defendants advance the same erroneous interpretation of § 1231(a)(6).

Defendants do not contest that Plaintiffs share a common statutory claim: that Defendants violate § 1231(a)(6) by denying them an individualized bond hearing after their time in detention exceeds six months. Plaintiffs' statutory claim rests upon the Ninth Circuit's decision in *Diouf II*, which expressly construed "§ 1231(a)(6) as requiring an individualized bond hearing, before an IJ, for [individuals] facing prolonged detention under that provision," and defined prolonged detention as detention extending beyond six months. *Diouf v. Napolitano* (*Diouf II*), 634 F.3d 1081, 1086, 1091 (9th Cir. 2011). While Defendants believe that *Diouf II* is no longer good law, the court's resolution of that argument will apply uniformly to the class and resolve all class members' claims "in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Thus, Plaintiffs meet the commonality, typicality, adequacy and numerosity requirements regarding their statutory claim.

Defendants argue that Plaintiffs' constitutional claims are not common because the application of *Zadvydas v. Davis*, 533 U.S. 678, 690-92 (2001), depends on allegedly relevant differences among the Plaintiffs. However, Defendants fundamentally misunderstand the nature of Plaintiffs' due process claim: Plaintiffs do not seek outright release because their detention is *indefinite* under *Zadvydas*; rather, Plaintiffs only seek bond hearings because their detention is

*prolonged*. Courts, including the Ninth Circuit, have found that immigration detainees share a common due process claim to a bond hearing, and have found class certification warranted on that basis. *See Rodriguez v. Hayes (Rodriguez I)*, 591 F.3d 1105, 1122–23 (9th Cir. 2010) (noting differences among class members but holding that "[n]onetheless, the constitutional issue at the heart of each class member's claim for relief is common"); *see also Baños v. Asher*, No. 2:16-CV-01454, Dkt. #67, Magistrate Judge's Report and Recommendation Granting Amended Motion for Class Certification (W.D. Wash. Oct. 17, 2017), *report and recommendation adopted*, No. 2:16-CV-01454-JLR, Dkt. #70 (W.D. Wash Dec. 11, 2017) (commonality satisfied where answer to central question of class members' entitlement to bond hearings upon detention becoming prolonged will resolve the case).

Finally, 8 U.S.C § 1252(f)(1) does not bar certification under Rule 23(b)(2). Defendants do not dispute that that statute has no bearing on Plaintiffs' statutory claims. In addition, § 1252(f)(1) does not apply to Plaintiffs' due process claim because it falls within the statute's express exception for individuals in immigration proceedings and because the statute does not apply to habeas petitions. And even if the statute did bar injunctive relief for Plaintiffs' claims, it would not bar class certification of Plaintiffs' claims for declaratory relief on their constitutional claims. *See Rodriguez I*, 591 F.3d at 1119.

## II. ARGUMENT

### A. Plaintiffs Satisfy the Rule 23(a) Requirements

#### 1. Commonality

Defendants argue that because the putative class includes individuals in different procedural postures in their immigration cases, Plaintiffs cannot maintain a common claim that their detention violates due process under *Zadvydas*, 533 U.S. 678. *See* Def's Opp., ECF No. 28, at 13-16. This argument fundamentally misunderstands the nature of Plaintiffs' due process claims, which seek a bond hearing, not outright release under *Zadvydas*. Moreover, Defendants do not contest that Plaintiffs' statutory claims are common. Properly understood, Plaintiffs' legal claims are unquestionably common and uniform across the class. The common question is

whether detention beyond six months without an individualized bond hearing violates § 1231(a)(6) and the Constitution.

Most important, Defendants do not contest that the legal question raised by Plaintiffs' statutory claim—whether § 1231(a)(6) requires an individualized bond hearing for class members facing prolonged detention—is shared by all individuals in the putative class. Plaintiffs maintain that *Diouf II* definitively construed § 1231(a)(6) to require bond hearings after six months of detention. *Diouf II*, 634 F.3d at 1086. As Defendants admit, because the "same statutory text cannot properly be given 'different meanings in different cases,'" *Diouf II*'s construction of § 1231(a)(6) must uniformly apply to all class members regardless of any individual differences in their immigration cases. Def's Opp., ECF No. 28, at 14 (quoting *Clark v. Martinez*, 543 U.S. 371, 383 (2005)). While Defendants argue that the interpretation of § 1231(a)(6) in *Diouf II* is irreconcilable with the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), this position underscores the commonality of the class: if Defendants are correct that *Jennings* overrules *Diouf II*, this legal defense will apply uniformly to all class members. Accordingly, the court's resolution of Defendants' legal arguments will "generate common *answers* [that] drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350 (omitting internal quotation and citation) (emphasis in original).

That Plaintiffs' statutory claim raises common legal questions is sufficient to meet the commonality requirement. Plaintiffs "need not show . . . that 'every question in the case, or even a preponderance of questions is capable of class wide resolution. *So long as there is 'even a single common question,' a would-be class can satisfy the commonality requirement* . . . ." *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014) (quoting *Wal-Mart Stores*, 131 S. Ct. at 2556) (emphasis added). Further, courts must refrain from engaging in "free-ranging merits inquiries" at the class certification stage, and may only consider merits questions to the extent "they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013). As a result, the court should reject Defendants' request to resolve their challenge to the ongoing validity of *Diouf II* at this stage—the class certification stage.

Defendants' objections to the commonality of class members' due process claim are equally meritless. Defendants' contention that Plaintiffs' due process claim should be controlled by the Supreme Court's analysis in *Zadvydas*, 533 U.S. at 690, is simply wrong. *See* Def's Opp., ECF No. 28, at 13-16. *Zadvydas* and its framework does not govern Plaintiffs' challenge to the legality of their prolonged detention without an individualized bond hearing. As explained more fully in Plaintiffs' Reply in Support of Motion for Preliminary Injunction at 4-7, Defendants conflate the concepts of *prolonged* and *indefinite* detention, and erroneously apply *Zadvydas*' restriction on *indefinite* detention to Plaintiffs' claims challenging their *prolonged* detention pursuant to § 1231(a)(6) without a bond hearing. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (three-year detention was prolonged, but not indefinite, where petitioner's eventual repatriation to Mexico was likely, and prolonged detention was authorized by statute where petitioner was afforded "adequate procedural protections" in the form of three bond hearings).

The Ninth Circuit has already found class certification warranted for a group of immigration detainees, including individuals subject to § 1231(a)(6), challenging their prolonged detention without a bond hearing on constitutional grounds. *Rodriguez I*, 591 F.3d at 1122-23 (ordering certification of a class of immigration detainees subject to prolonged detention under §§ 1225(b), 1236(a), 1236(c), and 1231(a)(6)). The Ninth Circuit observed that, while "members of the proposed class do not share every fact in common or completely identical legal issues," "the constitutional issue at the heart of each class member's claim for relief is common." *Id.*; *see also Diouf II* at 1087 (while detainees under different detention authorities may have marginally different liberty interests, those interests are comparable "[r]egardless of the stage of proceedings, [where] the same important interest is at stake – freedom from prolonged detention"). *Rodriguez I* therefore establishes that class members' constitutional claims are common.

Factual variations among the procedural posture and the relief sought in the class members' underlying immigration proceedings do not defeat commonality. Regardless of whether individual class members seek withholding of removal in withholding-only proceedings,

challenge administratively final removal orders, or seek collateral review through a motion to reopen their final removal orders, they do not present "substantively different constitutional claims" that lack commonality.[1] Def's Opp., ECF No. 28, at 16. Any such differences can be considered by the Immigration Judge at the bond hearing to determine whether the class member warrants release or should be detained on danger or flight risk grounds; but these differences do not affect class members' common claim to such review in the first place. *Cf. Califano v. Yamasaki*, 442 U.S. 682, 701 (1979) (where the due process "question is whether a prerecoupment hearing is to be held," class relief "is peculiarly appropriate" because the due process issue is "common to the class as a whole" and "[i]t is unlikely that differences in the factual background of each claim will affect the outcome of the legal issue" of whether a hearing is required).

Applying the "permissive" standard for assessing commonality at the class certification stage, Plaintiffs satisfy the commonality requirement because they share common legal questions: whether detention beyond six months without an individualized bond hearing violates § 1231(a)(6) and the Constitution. *See Preap v. Johnson*, 303 F.R.D. 566, 585 (N.D. Cal. 2014) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

**2. Typicality**

Defendants claim that Plaintiffs' proposed class lacks typicality for the same reasons it lacks commonality. *See* Def's Opp., ECF No. 28, at 16. For the same reasons outlined in the preceding section, these arguments fail. Defendants sidestep the statutory claim shared by the

[1] Defendants argue that members of the proposed class cannot be ascertained, and that it will be unclear which members of the class would be entitled to relief. *See* Def's Opp., ECF No. 28, at 2, 11. This argument appears to rest on Defendants' contention that the success of each individual plaintiff's claim for a bond hearing requires an individual inquiry into the likelihood of their removal from the United States. Again, likelihood of removal is irrelevant to Plaintiffs' statutory claim, for which no individualized inquiry is needed. Plaintiffs' proposed class meets the requirement for ascertainability because it provides three "objective criteria" sufficient to determine whether a prospective plaintiff falls within the action: (1) whether an individual is detained pursuant to § 1231(a)(6); (2) whether the individual has been detained longer than six months; and (3) whether the individual has received a bond hearing by an Immigration Judge after six months in detention. *See Hernandez v. Cty. of Monterey*, 305 F.R.D. 132, 152 (N.D. Cal. 2015).

named Plaintiffs and putative class members, and focus instead on Plaintiffs' due process claim and factual differences among class members that have no bearing on the resolution of that claim. Yet the Ninth Circuit has explained that "Rule 23(a) requires only that [Plaintiffs'] *claims* be 'typical' of the class, not that they be identically positioned to each other or to every class member." *Parsons*, 754 F.3d at 686 (emphasis added). Plaintiffs meet the "permissive" standard for typicality because the named Plaintiffs raise the same statutory claim as the class members. *See Rodriguez*, 591 F.3d at 1124 ("[T]he typicality requirement is permissive and requires only that the representative's claims are reasonably co-extensive with those of absent class members; they need not be substantially identical.") (internal quotation marks omitted).

Though the named Plaintiffs are in withholding-only proceedings, while other class members may not be, the named Plaintiffs are typical of the class in that all have been, or will be, denied individualized bond hearings pursuant to § 1231(a)(6) based on Defendants' erroneous interpretation of the statute. Conversely, the named Plaintiffs' legal claim to an individualized bond hearing applies an interpretation of the statute that is identical to the statutory argument that any individual class member would make regarding § 1231(a)(6). While Defendants suggest that the presence of "unique defenses" render the named Plaintiffs atypical from the class members, Def's Opp., ECF No. 28, at 12 (citing *Kas v. Financial General Bankshares, Inc.*, 105 F.R.D. 453, 461 (D.D.C. 1984)), Defendants do not provide *any* individualized or unique bases for denying class members bond hearings. Instead, as illustrated by Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction, Defendants maintain defenses common to all class members: that *Jennings* overruled *Diouf II*, and that *Zadvydas* defeats Plaintiffs' constitutional claims. Plaintiffs, therefore, challenge Defendants' "practice that affects all class members," and the "cause of [all class members' injury] is the same." *Preap*, 303 F.R.D. at 586.

Defendants erroneously contend again that the framework of *Zadvydas* must be applied to Plaintiffs' due process claims, thereby defeating typicality. *See* Def's Opp., ECF No. 28, at 17. For the reasons set forth in Part I.A.2 *supra*, *Zadvydas* does not determine the success of any individual class member's due process claim. Therefore, the "numerous reasons that individuals find themselves detained pursuant to § 1231(a)(6)," Def's Opp., ECF No. 28, at 18, is not legally

relevant nor does it need to be part of the class definition. Each Plaintiff and each class member has "suffered the same injury for the same reason," *DL v. District of Columbia*, 302 F.R.D. 1, 12 (D.D.C. 2013), because a single practice affects all proposed class members. The named Plaintiffs are detained pursuant to § 1231(a)(6) for longer than six months, have not been granted an individualized bond hearing as to flight risk and danger to the community, and are advancing claims of a violation of the Due Process Clause—in turn, they are typical of the class members. Nothing more is required.

**3. Adequacy**

Defendants challenge adequacy too, on the same basis they challenge commonality and typicality. *See* Def's Opp., ECF No. 28, at 19. Without referencing the named Plaintiffs' statutory claim, and ignoring their adequacy as class representatives to advance that claim on behalf of all class members, Defendants focus entirely on the named Plaintiffs' likelihood of removal from the United States. For the reasons stated in Parts II.A.1 and 2 *supra*, neither the named Plaintiffs' likelihood of removal from the United States nor their prior removal orders renders their due process claims different from those held by individual class members.[2]

The named Plaintiffs are adequate representatives because they: (1) possess the same interests—obtaining a ruling interpreting § 1231(a)(6) as requiring an individualized bond hearing after six months of detention; and (2) have suffered the same injuries—being denied bond hearings by Defendants based on Defendants' erroneous interpretation of § 1231(a)(6). Defendants advance no persuasive reason why the named Plaintiffs would not adequately advance the interests of the individual class members in obtaining the bond hearings to which they are entitled.

Finally, Defendants do not challenge the adequacy of Plaintiffs' counsel to represent the proposed class in this action.

---

[2] Similarly, the certification of subclasses would not be necessary to reflect legal interests held by different class members, as Defendants suggest. *See* Def's Opp., ECF No. 28, at 20. However, to the extent that the court finds that any differences between class members are legally relevant to the questions presented in this case, the court should request briefing from the parties on whether the creation of subclasses could address any differences in legal interests.

**4. Numerosity**

Defendants do not seriously contest the numerosity of the proposed class, other than to suggest that the grouping of all individuals detained under § 1231(a) is "overbroad." Def's Opp., ECF No. 28, at 10 n.6. For the reasons described in the preceding sections, the proposed class is entirely appropriate given the Plaintiffs' statutory claim and common legal questions. Moreover, the declarations and evidence submitted by Plaintiffs in support of their motion for class certification are far from "vague" and contain more than "bare allegations." *Id.* The declarations of immigration attorneys identify at least 60 putative class members, providing details about individuals represented by those attorneys who fall within the proposed class, as well as other individuals known to those attorneys who are putative class members. *See* Wolfe-Roubatis Decl. ¶¶ 6-11; Whitfield Decl. ¶¶ 5-8; Weisner Decl. ¶¶ 5-6; Kreimer Decl. ¶ 6; Green Decl. ¶¶ 6-12; Stavros Decl. ¶¶ 4-8, Dkt. 21-1. These declarations demonstrate that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). And they far exceed the "speculative or conclusory representations" regarding numerosity that suffice for class certification. *Doe v. Charleston Area Medical Ctr.*, 529 F.2d 638, 645 (4th Cir. 1975).

**B. Section 1252(f)(1) Does Not Bar Class Certification Under Rule 23(b)(2)**

Defendants assert that "Plaintiffs cannot satisfy Rule 23(b)(2) because this court does not have jurisdiction to grant relief on Plaintiffs' constitutional claims on a classwide basis" under 8 U.S.C. § 1252(f)(1).[3] Def's Opp., ECF No. 28, at 2. This argument fails under binding Ninth Circuit precedent.

As Defendants concede, § 1252(f)(1) has no applicability to Plaintiffs' statutory claims. *See* Opp. at 20-21. In *Rodriguez I*, the Ninth Circuit held that § 1252(f)(1) does not bar claims for injunctive relief to stop violations of the Immigration and Nationality Act ("INA"). *See* 591 F.3d at 1120. Such a claim does not "seek to enjoin the operation of the immigration detention statutes, but to enjoin conduct it asserts is not authorized by the statutes." *Id*. Accordingly,

---

[3] Section 1252(f)(1) provides that "no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of [8 U.S.C. §§ 1221–1232] other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated." 8 U.S.C. § 1252(f)(1).

Plaintiffs may maintain their claims for injunctive relief to remedy statutory violations of the INA and the Administrative Procedure Act, notwithstanding § 1252(f)(1).

Because certification of Plaintiffs' statutory claims is appropriate under Rule 23(b)(2), this court need not address Defendants' claim that § 1252(f)(1) bars injunctive relief for Plaintiffs' constitutional claims. As in *Rodriguez I*, Plaintiffs argue "only that the immigration detention statutes, to the extent they cannot be interpreted as requiring provision of a bond hearing, must be enjoined as unconstitutional. However, as this latter argument for relief may never be reached, it cannot be a basis for denial of class certification." *Id.* at 1120.

Nevertheless, if this court reaches the issue, it should reject Defendants' argument for at least three reasons. First, § 1252(f)(1) creates an exception for individuals "against whom proceedings under such part have been initiated." 8 U.S.C. § 1252(f)(1). Every class member here plainly falls within this exception because they are in proceedings.

Second, § 1252(f)(1) cannot prohibit injunctive relief in this case because it is a habeas corpus petition brought under 28 U.S.C. § 2241. The Supreme Court has repeatedly held that Congress may not strip the federal courts of power to grant habeas relief by statute without explicitly mentioning the general federal habeas statute – 28 U.S.C. § 2241 – by name. *See, e.g.*, *INS v. St. Cyr*, 533 U.S. 289, 314 (2001); *Zadvydas*, 533 U.S. at 688. Section 1252(f)(1) does not mention either habeas corpus or § 2241 by name, and therefore does not satisfy *St. Cyr*'s clear statement rule for repeals of habeas authority.

Third, § 1252(f)(1) does not bar declaratory relief for constitutional claims. As the Ninth Circuit held in *Rodriguez I*, "[§] 1252(f) was not meant to bar classwide declaratory relief." 591 F.3d at 1119. Rule 23, by its terms, permits certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief *or* corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2) (emphasis added). Because Plaintiffs here seek "corresponding declaratory relief," class certification is appropriate even if injunctive relief is not available.

Finally, Defendants suggest that class certification under Rule 23 is never available for due process claims, citing the Supreme Court's recent decision *Jennings*, 138 S. Ct. 830. Def's

Opp., ECF No. 28, at 21. The Supreme Court there remanded to the Ninth Circuit to address several issues, including whether Rule 23 authorized class certification of plaintiffs' due process claim to a bond hearing. *Id*. at 852. A panel of the Ninth Circuit recently ordered the parties to submit supplemental briefing on these issues.[4] Although the Ninth Circuit has not yet addressed the issue in *Rodriguez*, the federal courts have repeatedly found class certification warranted for due process claims, including for immigration detainees' due process claim to a bond hearing in cases of prolonged detention. *See Rodriguez I*, 591 F.3d at 1119; Motion for Class Certification at 19-20 (collecting cases).

For the reasons set forth previously, this is a paradigmatic case for certification under Rule 23(b)(2). *See* Mot. at 17-19. Because Defendants fail to identify any reason to rebut that they have "refused to act on grounds that apply generally to the class," certification is appropriate under Rule 23(b)(2).

## III. CONCLUSION

Pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, named Plaintiffs accordingly request that the court certify their proposed class of plaintiffs with them as the appointed representatives:

> All individuals who are detained pursuant to 8 U.S.C. § 1231(a)(6) in the Ninth Circuit[5] by, or pursuant to the authority of, the U.S. Immigration and Customs Enforcement, and who have reached or will reach six months in detention, and have been or will be denied a prolonged detention bond hearing before an Immigration Judge.

---

[4] *See* Supplemental Briefing Order, *Rodriguez v. Marin*, Nos. 13-56706, 13-56755 (9th Cir. Apr. 26, 2018), ECF No. 161. If this court is inclined to wait for the Ninth Circuit's resolution of these issues, this court should immediately grant Plaintiffs' motion for certification on their statutory claims and hold in abeyance consideration of their constitutional claims until the Ninth Circuit issues a decision in *Rodriguez*.

[5] The Central District of California and the Western District of Washington have each certified classes of individuals detained under § 1231(a)(6) in their respective districts. *See Rodriguez v. Holder*, No. CV 07-3239 TJH RNBX, 2013 WL 5229795, at *1 (C.D. Cal. Aug. 6, 2013); *Baños v. Asher*, No. 2:16-CV-01454, Dkt. #77, Magistrate Judge's Report and Recommendation Granting Summary Judgment as to the 1231(a)(6) Class Members (W.D. Wash. Jan. 23, 2018), *report and recommendation adopted*, No. 2:16-CV-01454-JLR, Dkt. #83 (W.D. Wash Apr. 4, 2018). These individuals are excluded from the putative class in this case.

Further, named Plaintiffs request that the court approve and appoint Van Der Hout, Brigagliano & Nightingale, LLP, Centro Legal De La Raza, Matthew Green, ACLU-SC, ACLU-NC, and ACLU-SD as class counsel. Alternatively, Plaintiffs request class discovery to demonstrate the ripeness of this action for class certification.

Dated: May 17, 2018                    Respectfully submitted,

By: s/Alison Pennington
Alison Pennington
Lisa Knox
Julia Rabinovich
Jesse Newmark
CENTRO LEGAL DE LA RAZA

Marc Van Der Hout
Judah Lakin
Amalia Wille
VAN DER HOUT, BRIGAGLIANO & NIGHTINGALE LLP

Matthew H. Green
LAW OFFICES OF MATTHEW H. GREEN

Michael Kaufman
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA

Vasudha Talla
Julia Mass
American CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA

Bardis Vakili
AMERICAN CIVIL LIBERTIES UNION SAN DIEGO AND IMPERIAL COUNTIES

*Attorneys for Plaintiffs-Petitioners and the Proposed Class*

CERTIFICATION UPON ELECTRONIC FILING

I hereby certify that I obtained concurrence in the filing of this document from the signatory, Alison Pennington.

/s/ Judah Lakin
Judah Lakin