CHAD. A READLER
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director, District Court Section
ELIANIS N. PEREZ
Assistant Director
T. MONIQUE PEOPLES
Senior Litigation Counsel
MATTHEW P. SEAMON
CARA E. ALSTERBERG
Trial Attorneys
Office of Immigration Litigation
Civil Division, United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Telephone:  (202) 598-2648
Facsimile:  (202) 305-7000
E-mail:  Matthew.Seamon2@usdoj.gov

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ESTEBAN ALEMAN GONZALEZ and JOSE EDUARDO GUTIERREZ SANCHEZ, <br><br>     Plaintiffs, <br><br>     v. <br><br> JEFFERSON B. SESSIONS, *et al.*, <br><br>     Defendants. | No. 3:18-CV-1869-JSC <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR CLARIFICATION OF THE COURT'S JUNE 5, 2018, ORDER** <br><br> Date:   July 26, 2018 <br> Time:  9:00 a.m. <br> Place:  15th Floor, Courtroom F <br> Before: Hon. Jacqueline Scott Corley |

## <u>NOTICE OF MOTION</u>

PLEASE TAKE NOTICE THAT on July 26, 2018, at 9:00 a.m., before the Honorable Judge Jacqueline Scott Corley, Defendants will, and hereby do, move the Court to clarify its June 5, 2018, Order granting Plaintiffs' motion for a preliminary injunction and granting, with respect to Plaintiffs'

statutory claims, their motion for class certification.  *See* ECF 33, Order Re Plaintiffs' Motions for Class Certification and Preliminary Injunction ("Order").  Defendants request that the Court clarify that the certified class only includes individuals who are detained under 8 U.S.C. § 1231(a)(6) for more than 180 days "pending a determination as to whether they can remain in the United States" because they "have live claims before either an administrative or judicial adjudicative body," *see* ECF 1, ¶ 2, and excludes those individuals detained under 8 U.S.C. § 1231(a)(6) for more than 180 days who are not actively challenging their removal and have no pending application before an immigration court, the Board of Immigration Appeals, or the Ninth Circuit Court of Appeals.  In support of the Motion, the Government has filed a Memorandum that is hereby incorporated into and made part of this motion by reference.

<u>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
FOR CLARIFICATION OF THE COURT'S JUNE 5, 2018, ORDER**</u>

## I.   STATEMENT OF THE ISSUE

The Government requests that the Court clarify that its Order specifically applies to aliens who are detained under 8 U.S.C. § 1231(a)(6) "pending a determination as to whether they can remain in the United States" because they "have live claims before either an administrative or judicial adjudicative body," *see* ECF 1, ¶ 2, and does not more broadly enjoin the Government from detaining *any* alien under 8 U.S.C. § 1231(a)(6) for more than 180 days without an individualized bond hearing.

## II.   CLARIFICATION IS WARRANTED IN THE INSTANT CIRCUMSTANCES

The Government requests clarification of the Order for purposes of implementation.  "A court may clarify its order for any reason."  *Mohammed v. City of Morgan Hill*, No. 5:10-cv-05630-EJD, 2011 WL 5085497, at *1 (N.D. Cal. Oct. 25, 2011).  A request for clarification "invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties."  *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985).

Plaintiffs' Complaint targets three specific groups of individuals detained under § 1231(a)(6): (1) individuals who "were previously removed from the United States and have since returned because they feared persecution or torture in their home country" and have been referred for withholding-only proceedings; (2) individuals "who have been issued administratively final removal orders pursuant to 8 U.S.C. § 1228(b)"; and (3) "individuals who are awaiting judicial review of the BIA's denial of a motion to reopen removal proceedings, *see* 8 U.S.C. § 1229a(c)(7), and who have been issued a judicial stay of removal." ECF 1, ¶¶ 2, 30.

As Plaintiffs note in both their Complaint and their Motion for Class Certification, all individuals falling into these three groups have one thing in common: they are being detained pursuant to § 1231(a)(6) *while challenging the Government's ability to remove them.  See* ECF 1, ¶ 2 ("Plaintiffs are noncitizens whom the Government has detained pursuant to 8 U.S.C. § 1231(a)(6) pending a determination as to whether they can remain in the United States"); ECF 21 at 2 ("Plaintiffs have been detained for many months, even years, while pursuing claims that would allow them to remain lawfully within the United States."). In other words, they are all subject to final orders of removal but have not yet been removed because they are actively pursuing relief from removal. The two named Plaintiffs fall within this group, as they are currently in withholding-only proceedings. ECF 1, ¶¶ 11, 12.

However, there is a considerably broader group of individuals detained under § 1231(a)(6) who neither have any pending applications for relief from removal nor any active challenges to Defendants' ability to remove them. These individuals are only being detained while Defendants arrange the logistics required to effectuate their physical removal from the United States (obtaining the requisite travel documents, etc.). For those individuals, the sole obstacle to their prompt removal is the logistical process of notifying their country of origin and obtaining the necessary documentation. Unlike the named

Plaintiffs and the three discrete categories of individuals identified in the Complaint, these individuals are not pursuing any claims that would allow them to remain lawfully within the United States.  And, indeed, Plaintiffs explicitly distinguished their proposed class (consisting of individuals pursuing claims that would allow them to remain within the United States) from other individuals detained under § 1231(a)(6) whose "legal claims against deportation have been exhausted, and there is no legal impediment to removal other than that the government cannot, practically speaking, remove the individual."  ECF 29 at 5 (asserting that "Plaintiffs' due process claim is of another ilk.").  Given this, and the Complaint's focus on three discrete groups, Defendants did not understand that the § 1231(a)(6) detention of individuals who fall outside these groups (*i.e.*, who are not pursuing relief from their final orders of removal) was at issue in this lawsuit.[1]

This clarification is important because it significantly impacts the scope of the Court's preliminary injunction order and, by extension, the burden on the Government to implement the order. Applying the Court's order to *all* individuals detained under § 1231(a)(6), including those who will be promptly removed once the necessary travel arrangements are made, would exponentially increase the size of the class and impose a significantly greater administrative burden on the Defendants.[2]

---

[1] Notably, the certified classes in the Central District of California and the Western District of Washington who are explicitly excluded from the certified class in this case, ECF 33 at 5 n.2, do *not* include individuals detained under § 1231(a)(6) who are not actively challenging their removal.  *See Rodriguez v. Holder,* No. CV 07-3239 TJH RNBX, 2013 WL 5229795, at *1 (C.D. Cal. Aug. 6, 2013); *Martinez Baños v. Asher*, No. 2:16-CV-01454, ECF 77, Magistrate Judge's Report and Recommendation Granting Summary Judgment as to the 1231(a)(6) Class Members (W.D. Wash. Jan. 23, 2018), *report and recommendation adopted*, No. 2:16-CV-01454-JLR, ECF 83 (W.D. Wash Apr. 4, 2018).

[2] Besides the clear legal conflict described *infra*, there are logistical and practical difficulties in interpreting the Court's Order to broadly apply to *all* § 1231(a)(6) detainees.  Identifying *all* individuals

III.   **IF INTERPRETED BROADLY, THE COURT'S ORDER WOULD DIRECTLY CONFLICT WITH BINDING SUPREME COURT PRECEDENT AND UNREASONABLY SHIFT THE BURDEN TO DEFENDANTS TO SHOW A SIGNIFICANT LIKELIHOOD OF REMOVAL**

If the Court determines that the certified class includes *all* individuals detained under § 1231(a)(6)—even those who have no pending requests for relief from removal and are just awaiting travel documents before they can be removed—the Court's Order would directly conflict with the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  The petitioners in *Zadvydas* were individuals subject to final removal orders who had no pending requests for relief and were only being detained while the Government arranged for their physical removal from the United States.  533 U.S. at 684-86.  The Supreme Court found that the petitioners' indefinite detention raised due process concerns and resolved those concerns by using the canon of constitutional avoidance to construe § 1231(a)(6) to limit the length of permissible detention to "a period reasonably necessary to secure removal" from the United States.  *Id.* at 699.   Thus, the remedy that the Court found appropriate was for petitioners to be released from detention once (1) their detention exceeds the presumptively reasonable six-month period, and (2) they meet their burden to demonstrate that they are not significantly likely to be removed in the

---

detained under § 1231(a)(6), including those who are simply awaiting the requisite travel documents, would require a tedious manual search by every Deportation Officer overseeing a detained docket in the Ninth Circuit.  Moreover, immigration judges have the expertise to assess an alien's flight risk and danger to the community in determining whether to grant bond.  Yet, they lack the expertise and relevant information to determine whether there is a significant likelihood that ICE will be able to obtain a travel document from a particular country in any given case within a reasonable time.  For example, ICE coordinates and communicates with foreign governments regarding the issuance of travel documents in individual cases.  This is simply not a function or duty for immigration judges.  Requiring immigration judges to simultaneously assess both competing standards as they pertain to § 1231(a)(6) detainees with final orders of removal who are awaiting travel documents would undoubtedly create confusion and could lead to absurd results.

reasonably foreseeable future.  *Id.* at 690, 701.  That is the sole remedy that *Zadvydas* authorizes for such individuals.  *Id.* at 690-702.

Because the same statutory text cannot properly be given "different meanings in different cases," courts must uniformly apply *Zadvydas*' application of the canon of constitutional avoidance to § 1231(a)(6) "in all cases," without regard to the "presence or absence of constitutional concerns in [an] individual case."  *See Clark v. Martinez*, 543 U.S. 371, 382-83, 386 (2005).  A contrary approach would render § 1231(a)(6) "a chameleon, its meaning subject to change."  *Id.* at 382.  Accordingly, applying the Court's Order to individuals with no pending requests for relief who are just awaiting travel documents would directly conflict with *Zadvydas*, as the Supreme Court already expressly crafted a remedy for those individuals and notably did not include any review or hearing by an immigration judge in that remedy.  In fact, the Court's opinion in *Zadvydas* makes no mention at all of bond hearings. Accordingly, including *all* individuals detained under § 1231(a)(6) within the certified class would cause the Court's Order to directly conflict with Supreme Court precedent.

## IV.    CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court clarify its Order enjoining Defendants "from detaining Plaintiffs and the class members pursuant to 1231(a)(6) for more than 180 days without [] providing each a bond hearing before an IJ."  ECF 33 at 19.  Specifically, the Government requests that the Court clarify that the class only includes individuals detained under § 1231(a)(6) who "have live claims before either an administrative or judicial adjudicative body," *see* ECF 1, ¶ 2, and excludes those individuals detained under § 1231(a)(6) who are not actively challenging their removal and have no pending application for relief and are governed by *Zadvydas*.

Dated: June 20, 2018                    Respectfully Submitted

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

COLIN A. KISOR
Deputy Director

ELIANIS N. PEREZ
Assistant Director

T. MONIQUE PEOPLES
Senior Litigation Counsel

*/s/ Matthew P. Seamon*
MATTHEW P. SEAMON
CARA E. ALSTERBERG
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation –
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: 202-598-2648
Facsimile: 202-305-7000
Matthew.Seamon2@usdoj.gov

ATTORNEYS FOR DEFENDANTS

DEFENDANTS' MOTION FOR CLARIFICATION                    7 / 8
3:18-CV-1869-JSC

**CERTIFICATE OF SERVICE**
Case No. 3:18-cv-11910

I HEREBY CERTIFY that on June 20, 2018, a true copy of the foregoing motion was filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing via e-mail to the following:

Matthew H. Green, AZ SBN 020827
Law Offices of Matthew H. Green
130 West Cushing Street
Tucson, AZ 85701
matt@arizonaimmigration.net

Vasudha Talla, CA SBN 316219
Julia Mass, CA SBN 189649
American Civil Liberties Union
Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
jmass@aclunc.org
vtalla@aclunc.org

Michael Kaufman, CA SBN 254575
American Civil Liberties Union
Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
mkaufman@aclusocal.org

Bardis Vakili, CA SBN 247783
American Civil Liberties Union Foundation
of San Diego and Imperial Counties
P.O. Box 87131
San Diego, CA 92138-7131
bvakili@aclusandiego.org

ATTORNEYS FOR PLAINTIFFS

*/s/ Matthew P. Seamon*
MATTHEW P. SEAMON
Trial Attorney
United States Department of Justice

ATTORNEY FOR DEFENDANT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| ESTEBAN ALEMAN GONZALEZ and JOSE EDUARDO GUTIERREZ SANCHEZ, | ) ) ) | |
|     Plaintiffs, | ) ) | No. 3:18-CV-1869-JSC |
| v. | ) ) ) | **[PROPOSED] ORDER ON DEFENDANTS'** **MOTION FOR CLARIFICATION OF THE** |
| JEFFERSON B. SESSIONS, *et al.*, | ) ) | **COURT'S JUNE 5, 2018, ORDER** |
|     Defendants. | ) ) | |

The Court has considered Defendants' Motion for Clarification.  Finding that good cause exists, the Motion is **GRANTED**.  Court clarifies that the certified class only includes individuals who are detained under 8 U.S.C. § 1231(a)(6) for more than 180 days "pending a determination as to whether they can remain in the United States" because they "have live claims before either an administrative or judicial adjudicative body," ECF 1, ¶ 2, and excludes those individuals detained under 8 U.S.C. § 1231(a)(6) for more than 180 days who are not actively challenging their removal and have no pending application before an immigration court, the Board of Immigration Appeals, or the Ninth Circuit Court of Appeals.

    **IT IS SO ORDERED.**

Dated: _____

                           _____

                           Honorable Jacqueline Scott Corley
                           United States Magistrate Judge