CHAD. A READLER
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director, District Court Section
ELIANIS N. PEREZ
Assistant Director
T. MONIQUE PEOPLES
Senior Litigation Counsel
MATTHEW P. SEAMON
CARA E. ALSTERBERG
Trial Attorneys
Office of Immigration Litigation
Civil Division, United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Telephone:  (202) 598-2648
Facsimile:  (202) 305-7000
E-mail:  Matthew.Seamon2@usdoj.gov

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ESTEBAN ALEMAN GONZALEZ and JOSE EDUARDO GUTIERREZ SANCHEZ, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, *et al.*, <br><br> Defendants. | No. 3:18-CV-1869-JSC <br><br> **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR CLARIFICATION** <br><br> Date:    July 26, 2018 <br> Time:    9:00 a.m. <br> Place:   15th Floor, Courtroom F <br> Before: Hon. Jacqueline Scott Corley |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR CLARIFICATION OF THE COURT'S JUNE 5, 2018, ORDER

## I.   INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion for Clarification highlights the clear misunderstanding between the parties as to the scope of the certified class and proves why clarification of the Court's June 5, 2018 is necessary.  Furthermore, Plaintiffs' brand new request that the Court order Defendants to submit a report detailing Defendants' compliance efforts is premature.   Defendants are complying with the Court's Order and there have been no allegations to the contrary.  For these reasons, the Court should grant Defendants' Motion for Clarification.

## II.   THE RECORD IN THIS CASE EXEMPLIFIES THE MISUNDERSTANDING BETWEEN THE PARTIES AND ESTABLISHES A NEED FOR CLARIFICATION

### A. Plaintiffs' complaint and briefing inconsistently described their proposed class and identified only three specific groups as comprising the class

Plaintiffs inconsistently defined and described their proposed class.  Defendants acknowledge that Plaintiffs occasionally defined their class broadly as "[a]ll individuals detained pursuant to 8 U.S.C. § 1231(a)(6)."  ECF 1, ¶ 53.  Throughout their complaint and briefing, however, Plaintiffs repeatedly emphasized that their class did *not* include § 1231(a)(6) detainees who are no longer challenging their removal and are solely awaiting travel documents.  *See, e.g.*, ECF 1 at ¶ 2 ("Plaintiffs are noncitizens whom the Government has detained pursuant to 8 U.S.C. § 1231(a)(6) *pending a determination* as to whether they can remain in the United States") (emphasis added); ECF 21 at 2 ("Plaintiffs have been detained for many months, even years, *while pursuing claims* that would allow them to remain lawfully within the United States.") (emphasis added); ECF 1 at ¶ 51 (stating, to demonstrate numerosity, that Plaintiffs are aware of "at least sixty other individuals within the jurisdiction of the Ninth Circuit detained pursuant to 8 U.S.C. § 1231(a)(6) *with cases pending* before the Immigration Court, the Board, or the Ninth Circuit" who have been denied bond hearings) (emphasis added); ECF 30 at 7-8 ("Plaintiffs

do not seek outright release because their detention is *indefinite* under *Zadvydas*; rather, Plaintiffs only seek bond hearings because their detention is *prolonged*."); ECF 29 at 10 (asserting that "Plaintiffs' due process claim is of another ilk" from individuals whose "legal claims against deportation have been exhausted").  Defendants reasonably interpreted those statements to mean that the proposed class did not include *all* § 1231(a)(6) detainees because Plaintiffs had explicitly excluded from their class definition detainees who are no longer challenging their removal.

Additionally, Plaintiffs' explicit identification of three separate groups included in their proposed class, *see* ECF 1 at ¶¶ 2, 30, led Defendants to believe that those three groups solely comprised the class. Plaintiffs specified that the "vast majority" of class members "have reinstated removal orders," but the "proposed class also consists of individuals detained under § 1231(a)(6) who have been issued administratively final removal orders pursuant to 8 U.S.C. § 1228(b), as well as individuals who are awaiting judicial review of the BIA's denial of a motion to reopen removal proceedings, *see* 8 U.S.C. § 1229a(c)(7), and who have been issued a judicial stay of removal."  ECF 1 at ¶ 30.  Although Plaintiffs now describe these three groups as merely "illustrative" examples, ECF 37 at 7, that was not clear from the face of their complaint or their prior briefing.  And, to create even more confusion, Plaintiffs now identify, for the first time, *eight* discrete groups of individuals that they believe to be part of the certified class.  ECF 37 at 9-10.  If Plaintiffs intended for these eight groups to be part of the class, then they should have identified them all or, alternatively, simply stated that the proposed class consists of all § 1231(a)(6) detainees without providing a confusingly incomplete list of subclasses.

For these reasons, Defendants reasonably interpreted Plaintiffs as requesting that the proposed class only include the three specific groups of detainees identified in Plaintiffs' complaint and discussed in detail in their briefing—not *all* § 1231(a)(6) detainees.  As a result, there is ambiguity regarding the

proper scope of the certified class, which is precisely why clarification of the Court's June 6, 2018, Order is needed.

### B. The hearing transcript demonstrates a lack of understanding between the parties regarding the extent of Plaintiffs' proposed class

Although Plaintiffs argue that the record demonstrates that clarification is unnecessary, the record actually confirms the confusion and misunderstanding between the parties regarding the scope of Plaintiffs' proposed class. Plaintiffs argue that "this issue [of whether detainees who are only awaiting travel documents are members of the class] came up at oral argument." ECF 37 at 11. Plaintiffs specifically point to Defendants' statement that "[w]e think this is how—the *Zadvydas* analysis is how all of named and putative class members should be seeking their relief." May 31, 2018, Hearing Tr. at 45. But this quote actually reveals the misunderstanding between the parties.

Contrary to Plaintiffs' interpretation, Defendants' statement pertained to their argument that *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011), has been effectively overruled because it is "clearly irreconcilable" with *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Defendants further contend that, in the absence of *Diouf*, the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), provides the proper remedy for any and all individuals challenging their continued detention under § 1231(a)(6). *See* ECF 27 at 11-12; ECF 28 at 18-23. Defendants did not mean to suggest—and have never suggested—that individuals could have dual, simultaneous pathways to relief under both *Diouf* and *Zadvydas*, as such a formulation would violate binding Supreme Court precedent. *See Clark v. Martinez*, 543 U.S. 371, 382-83 (2005) (providing that courts are required to uniformly apply *Zadvydas*' application of the canon of constitutional avoidance to § 1231(a)(6) "in all cases"). Allowing individuals to both seek bond hearings pursuant to *Diouf* and seek release from detention pursuant to *Zadvydas* would be an impermissible application of the canon of constitutional avoidance because courts cannot

"give the same statutory text different meanings in different cases." *See id.* at 386.  Accordingly, the record actually supports the need for the Court's clarification of its Order.

## III.   DEFENDANTS ARE COMPLYING WITH THE COURT'S ORDER AND THERE HAVE BEEN NO ALLEGATIONS TO THE CONTRARY

Finally, Plaintiffs "take this opportunity" to ask that the Court order Defendants to submit a report "explaining how it is making sure it properly identifies and schedules for hearings all class members." ECF 37 at 10.  However, any such request is premature.  Nowhere in Plaintiffs' opposition do they allege that Defendants are failing to comply with the Court's Order.  Indeed, Defendants have been working with Plaintiffs' counsel in good faith to draft a stipulated protective order to facilitate the sharing of a list of class members along with other information requested by Plaintiffs' counsel. Moreover, Defendants have been scheduling bond hearings for members of the class, both on an ad hoc basis as Plaintiffs' counsel bring individual class members to Defendants' attention, and on a class-wide basis.  The filing of the Motion for Clarification was not meant to delay compliance, but, rather, to clarify a genuine confusion surrounding the scope of the certified class and to ensure that the parties and the Court have the same understanding of the relevant issues in this litigation.  Put simply, any requests for report on compliance are unnecessary and premature[1] because Defendants have been working diligently to comply with the Court's Order and will continue to do so moving forward.

## IV.   CONCLUSION

For the foregoing reasons, Defendants request that the Court clarify that the class only includes individuals detained under § 1231(a)(6) who "have live claims before either an administrative or judicial

---

[1] From a procedural perspective, Plaintiffs' request for an order requiring Defendants to report on their compliance is improper.  If Plaintiffs seek an order from the Court, then they should notice and file a motion pursuant to Local Civil Rule 7-1, not merely ask for such relief in their Opposition to Defendants' motion.

adjudicative body," *see* ECF 1, ¶ 2, and excludes those individuals detained under § 1231(a)(6) who are

not actively challenging their removal and have no pending application for relief.


Dated: July 12, 2018                              Respectfully Submitted

                                                  CHAD A. READLER
                                                  Acting Assistant Attorney General
                                                  Civil Division

                                                  WILLIAM C. PEACHEY
                                                  Director
                                                  Office of Immigration Litigation

                                                  ELIANIS N. PEREZ
                                                  Assistant Director

                                                  T. MONIQUE PEOPLES
                                                  Senior Litigation Counsel

                                                  */s/ Matthew P. Seamon*
                                                  MATTHEW P. SEAMON
                                                  CARA E. ALSTERBERG
                                                  Trial Attorneys
                                                  U.S. Department of Justice, Civil Division
                                                  Office of Immigration Litigation –
                                                   District Court Section
                                                  P.O. Box 868, Washington, DC 20044
                                                  Telephone: 202-598-2648
                                                  Facsimile: 202-305-7000
                                                  Matthew.Seamon2@usdoj.gov

                                                  ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**
Case No. 3:18-cv-11910

I HEREBY CERTIFY that on July 12, 2018, a true copy of the foregoing motion was filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing via e-mail to the following:

Matthew H. Green, AZ SBN 020827
Law Offices of Matthew H. Green
130 West Cushing Street
Tucson, AZ 85701
matt@arizonaimmigration.net

Vasudha Talla, CA SBN 316219
Julia Mass, CA SBN 189649
American Civil Liberties Union
Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
jmass@aclunc.org
vtalla@aclunc.org

Michael Kaufman, CA SBN 254575
American Civil Liberties Union
Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
mkaufman@aclusocal.org

Bardis Vakili, CA SBN 247783
American Civil Liberties Union Foundation
of San Diego and Imperial Counties
P.O. Box 87131
San Diego, CA 92138-7131
bvakili@aclusandiego.org

ATTORNEYS FOR PLAINTIFFS

*/s/ Matthew P. Seamon*
MATTHEW P. SEAMON
Trial Attorney
United States Department of Justice

ATTORNEY FOR DEFENDANTS

DEFENDANTS' REPLY IN SUPPORT OF
THEIR MOTION FOR CLARIFICATION
3:18-CV-1869-JSC

7 / 7