UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN ALEMAN GONZALEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JEFFERSON B. SESSIONS, et al., <br><br> Defendants. | Case No. 18-cv-01869-JSC <br><br> **ORDER RE: DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S JUNE 5, 2018 ORDER** <br><br> Re: Dkt. No. 36 |

Before the Court is Defendants' motion for clarification of the Court's June 5, 2018 Order granting Plaintiffs' motions for preliminary injunction and class certification. Defendants seek clarification regarding the certified class; specifically, whether it applies only to "aliens who are detained under 8 U.S.C. § 1231(a)(6) 'pending determination as to whether they can remain in the United States' because they 'have live claims before either an administrative or judicial adjudicative body,' and does not more broadly enjoin the Government from detaining any alien under 8 U.S.C. § 1231(a)(6) for more than 180 days without an individualized bond hearing." (Dkt. No. 36 at 2) (quoting Dkt. No. 1 at ¶ 2.).[1]

The Court's Order covers the class as described by Plaintiffs in their motion for preliminary injunction; specifically:

> Plaintiffs [lead plaintiffs and putative class members] are noncitizens who are subject to final administrative orders of removal and are currently held in immigration detention under the authority of 8 U.S.C. § 1231(a)(6), Immigration and Nationality Act ("INA") § 241(a)(6). *Plaintiffs have live claims* before either the Immigration Court, the Board of Immigration Appeals ("BIA" or "Board"), or a circuit court of appeals. As a result, the government does not have

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

the authority to remove Plaintiffs and many Plaintiffs will ultimately win the right to remain lawfully in the United States."

(Dkt. No. 22 at 8-9.) (emphasis added). Furthermore, Plaintiffs described the putative class as individuals "detained pursuant to § 1231(a)(6) *while they pursue defenses to removal* that would allow them to remain in the United States." (*Id*. at 10.) (emphasis added).

Thus, for purposes of the preliminary injunction and the current class certification order, the class includes only those individuals detained under Section 1231(a)(6) who have "live claims" before an adjudicative body. This description of the certified class is consistent with *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011), which held that an individual "facing prolonged detention[2] under § 1231(a)(6) is entitled to a bond hearing before an immigration judge." The *Diouf* court noted that "[i]f the 180-day threshold has been crossed, but the alien's release or removal is imminent, [Department of Homeland Security] is not required to conduct a 180-day review, *see* 8 C.F.R. § 241.4(k)(3), and neither should the government be required to afford the alien a hearing before an immigration judge." *Id*. at 1092 n.13. Enjoining the Government from detaining *any* individual under 8 U.S.C. § 1231(a)(6) for more than 180 days without an individualized bond hearing—including those whose "release or removal is imminent"—would therefore conflict with *Diouf*.

This Order disposes of Docket No. 36 and vacates the hearing scheduled for July 26, 2018.

**IT IS SO ORDERED.**

Dated: July 20, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[2] "As a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months." *Diouf*, 634 F.3d at 1092 n.13.