UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN ALEMAN GONZALEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW G. WHITAKER, et al.,<br><br>Defendants. | Case No. 18-cv-01869-JSC<br><br>**ORDER RE: PLAINTIFFS' MOTION TO ENFORCE THE COURT'S JUNE 5, 2018 ORDER**<br><br>Re: Dkt. No. 46 |

On June 5, 2018, this Court issued an order (the "Order") granting Plaintiffs' motions for preliminary injunction and class certification. (*See* Dkt. No. 33.)[1] Now pending before the Court is Plaintiffs' motion to enforce the Court's Order. (Dkt. No. 46.) After careful consideration of the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES Plaintiffs' motion. Plaintiffs' reading of the certified class is too broad, and Plaintiffs' do not show that Defendants have otherwise failed to comply with the Order.

## BACKGROUND

The Order concluded that Plaintiffs satisfied the requirements for class certification under Federal Rule of Civil Procedure 23, and certified a class consisting of:

> [A]ll individuals who are detained pursuant to 8 U.S.C. § 1231(a)(6) in the Ninth Circuit by, or pursuant to the authority of, the U.S. Immigration and Customs Enforcement ("ICE"), and who have reached or will reach six months in detention, and have been or will be denied a prolonged detention bond hearing before an Immigration Judge ("IJ").

(Dkt. No. 33 at 4-5.) The Order also granted Plaintiffs' request for preliminary injunction entitling class members to individualized bond hearings if their detention exceeds six months. (*Id.* at 13-

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

18.) Defendants appealed the Order on August 3, 2018; that appeal is pending. (Dkt. Nos. 43 & 44.)

Following the Order, ICE transferred 84 detainees from detention facilities in Northern California to facilities in Colorado and Hawaii, after two counties in Northern California "terminated their contracts with ICE to house immigration detainees at two county jail facilities." (Dkt. No. 48-1 at ¶¶ 5-7.) In August 2018, ICE transferred 20 detainees to Tacoma, Washington and 62 detainees to Aurora, Colorado following the termination of another ICE contracted facility in Northern California. (*Id.* at ¶¶ 9-11.) According to ICE, it "ensured that class members scheduled for an *Aleman-Gonzalez* bond hearing [pursuant to the Order] remained in the San Francisco [area of responsibility]." (*Id.* at ¶ 11.)

Plaintiffs allege that, since the Order, "Defendants have refused to provide bond hearings to Class members who were transferred [outside the Ninth Circuit] *prior* to 180 days in detention." (Dkt. No. 46 at 3 (emphasis added).) "As a result, Plaintiffs believe that numerous Class members have been denied the relief they are entitled under" the Order.[2] (*Id.*) Plaintiffs thus move to enforce the Order "as to class members transferred to detention facilities outside of the jurisdiction of the Ninth Circuit." (Dkt. No. 46 at 3.) Further, Plaintiffs request that the Court compel Defendants to post notice of the Order in all immigration detention facilities within the Ninth Circuit. (*Id.*)

## DISCUSSION

Plaintiffs assert that the plain language of the certified class "does not limit class

---

[2] Plaintiffs identify two individuals who were transferred out of the Ninth Circuit prior to reaching 180 days in detention, one of whom has been subsequently released from ICE custody on bond. (*See* Dkt. Nos. 46 at 4-5; 46-2, Ex. C at ¶ 10.) The other individual (Mr. Perez-Nufio) was transferred from California to Aurora, Colorado on his 120th day in custody and "reached 180 days in detention on October 15, 2018." (*Id.* at 5.) Mr. Perez-Nufio "has not been scheduled for a prolonged detention bond hearing." (*Id.*) Plaintiffs assert that they "are unaware of any class members who were transferred outside of the Ninth Circuit *after* surpassing 180 days in detention within the Ninth Circuit." (Dkt. No. 46 at 3 (emphasis added).) Defendants submit the declaration of April Jacques, Assistant Field Office Director, ICE ERO San Francisco, in support of their opposition to Plaintiffs' motion; Ms. Jacques states that, to her knowledge, "detainees who were eligible at the time of transfer for an *Aleman-Gonzalez* bond hearing were not transferred outside the San Francisco AOR and/or were provided their bond hearing via video-telecommunication from the facility to which they were transferred." (Dkt. No. 48-1 at ¶ 12.)

2

membership only to individuals detained pursuant to § 1231(a)(6) who have already reached six months in detention, but clearly also encompasses individuals detained pursuant to § 1231(a)(6) who *will reach* six months in detention." (Dkt. No. 46 at 10.) Thus, Plaintiffs insist that the Order "firmly supports the inclusion of those individuals in the Ninth Circuit who will eventually reach six months of detention under § 1231(a)(6) in the class regardless of their location of detention at 180 days." (*Id.* at 7.)

Plaintiffs' motion requires the Court to address three issues: (1) whether the class includes individuals who have not yet reached six months in detention; (2) whether the class includes individuals originally detained in the Ninth Circuit who reach six months detention after being transferred elsewhere; and (3) whether Defendants must post notice of the Order in all Ninth Circuit immigration detention facilities.

## I. Individuals Detained for Less Than 180 Days

Plaintiffs argue that "individuals who have not yet reached six months in detention are unambiguously class members," based on the plain language of the class definition. (*See* Dkt. No. 51 at 3.) The Court disagrees. Plaintiffs' interpretation of the certified class is contrary to the commonality, typicality, and Rule 23(b)(2) requirements for class certification discussed in the Order.

"Parties seeking class certification must satisfy each of the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—and at least one of the requirements of Rule 23(b)." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 (9th Cir. 2017). In concluding that Plaintiffs satisfied the commonality requirement, the Court determined that Plaintiffs "share a common legal question: whether ***detention beyond six months*** without an individualized bond hearing violates § 1231(a)(6) as interpreted by the Ninth Circuit in *Diouf*." (Dkt. No. 33 at 7 (emphasis added).) The Court noted that "[t]his question will be posed by the detention of every member of the class and their entitlement to a bond hearing will largely be determined by its answer." (*Id.* at 7-8 (internal quotation marks and citation omitted).) That "common question" obviously does not apply to those who have yet to reach six months in detention.

3

As to the typicality requirement, the Court noted:

> Plaintiffs' claim for a bond hearing "is reasonably co-extensive with the claims of the class" because the class representatives, as well as the class as a whole, ***have been detained pursuant to section 1231(a)(6) for six months or longer*** and have not received a bond hearing.

(*Id.* at 10 (emphasis added).) Thus, the Court recognized that the claims of "the class as a whole" were typical because class members "have been detained . . . for six months or longer" without a bond hearing. (*Id.*) An individual who has *not* been detained for at least six months without a bond hearing obviously does not share the same claim.

In addition to the threshold requirements under Rule 23(a), the Court concluded that Plaintiffs satisfied Rule 23(b)(2)'s requirement that a plaintiff show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (recognizing that "[t]he key to the [Rule 23](b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.") (internal quotation marks and citation omitted). The Order concluded that Plaintiffs satisfied Rule 23(b)(2) because "Plaintiffs seek declaratory and injunctive relief that would benefit all proposed class members: individualized bond hearings ***after six months of detention***." (*Id.* at 13 (emphasis added).) Plaintiffs' broad reading of the class would no longer provide the requested relief to "the class as a whole" because it would include those who have not yet reached six months in detention and those class members would *not* be entitled to individualized bond hearings. Such a result is contrary to Rule 23(b)(2), which "applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *See Dukes*, 564 U.S. at 360.

It is thus clear that the class includes only those individuals detained pursuant to section 1231(a)(6) for six months or longer who have not received a bond hearing. Concluding otherwise is contrary to the commonality, typicality, and Rule 23(b)(2) requirements discussed in the Court's Order. Further, the Court agrees with Defendants that the language "will reach six months in

4

1  detention" ensures that individuals who are "detained for 180 days within the Ninth Circuit, *after*
2  this Court's decision on June 5, 2018, will *also* receive a bond hearing." (Dkt. No. 47 at 5
3  (emphasis added).) Thus, the language "merely contemplates that class membership will grow as
4  future individuals reach their 180th day in detention within the Ninth Circuit." (*Id.*) In other
5  words, the language is forward looking and encompasses those individuals who will reach six
6  months in detention after June 5, 2018. Indeed, the Order recognized as much. (*See* Dkt. No. 33
7  at 7 ("Plaintiffs estimate [that the class] will grow each day as the government places additional
8  individuals in custody *who will later reach six months of detention* under § 1231(a)(6).")
9  (emphasis added).)

## II. Individuals Transferred Out of the Ninth Circuit Prior to 180 Days in Detention

Plaintiffs argue that the certified class includes individuals who are detained in the Ninth Circuit under section 1231(a)(6) and transferred outside the Ninth Circuit's jurisdiction, where they subsequently surpass six months in detention without a bond hearing. Plaintiffs thus insist that "[a]ll class members, regardless of their transfer and current geographic location, remain under this Court's jurisdiction and consequently are entitled to relief under this Court's Order from their statutory injury: an individualized bond hearing at six months of detention." (Dkt. No. 46 at 9.)

Plaintiffs' argument assumes, however, that the class includes individuals who have not yet reached six months in detention without a bond hearing. (*See id.* at 3 ("Defendants . . . allege they are free to transfer outside the jurisdiction of the Ninth Circuit at any time *class members who have not yet reached 180 days in detention* and that upon transfer, they are no longer class members and no longer entitled to prolonged detention bond hearings once their detention surpasses 180 days.") (emphasis added).) As discussed above, Plaintiffs are wrong. Further, Plaintiffs' argument fails because an individual is not a class member unless he or she is "detained pursuant to 8 U.S.C. § 1231(a)(6) ***in the Ninth Circuit***" for six months or longer and has not been given an individualized bond hearing before an IJ. (*See* Dkt. No. 33 at 4-5 (emphasis added).) In other words, to qualify as a class member an individual must be (1) detained in the Ninth Circuit pursuant to section 1231(a)(6), (2) for six months or more, (3) without a bond hearing. If an

5

individual is transferred outside the Ninth Circuit prior to reaching six months in detention, he or she is not a class member.

Under Plaintiffs' reading of the Order, an individual could be detained in the Ninth Circuit pursuant to section 1231(a)(6), transferred out of the Ninth Circuit the next day, and still qualify as a class member if he or she is detained for 179 days elsewhere and not afforded a bond hearing. Jurisdictional considerations aside, Plaintiffs' reading is contrary to the plain language of the certified class, which again includes:

> All individuals ***who are detained pursuant to 8 U.S.C. § 1231(a)(6) in the Ninth Circuit*** by, or pursuant to the authority of, the U.S. Immigration and Customs Enforcement ("ICE"), and who have reached or will reach six months in detention, and have been or will be denied a prolonged detention bond hearing before an Immigration Judge ("IJ").

(Dkt. No. 33 at 4-5 (emphasis added).) The certified class does not include those who "were" detained in the Ninth Circuit; instead, it includes only those who "are" detained there. It follows that the certified class does not include individuals who are not detained in the Ninth Circuit at the time they reach six months in detention.

The Court's analysis of this argument would be different if Plaintiffs argued that Defendants were transferring class members (i.e., those detained under section 1231(a)(6) in the Ninth Circuit for six months or more without a bond hearing) outside the Ninth Circuit *after* they had reached six months in detention in the Ninth Circuit and *before* they were afforded a bond hearing. That is not what Plaintiffs allege, however. Similarly, the Court's analysis would be different if Plaintiffs alleged that Defendants engaged in bad faith efforts to deprive detainees of class status by transferring them out of the Ninth Circuit immediately prior to reaching six months in detention without a bond hearing. Plaintiffs do not allege, however, that any transfers "occurred in bad faith." (*See* Dkt. No. 46 at 7.) Further, Defendants' declaration in opposition to Plaintiffs' motion demonstrates that it has not engaged in such conduct. The issue before the Court is instead whether the certified class includes individuals detained in the Ninth Circuit who do *not* reach six months in detention without a bond hearing but are transferred to another jurisdiction where they then reach six months in detention—the Court concludes that it does not.

6

### III. Posting Notice of the Court's June 2018 Order

Plaintiffs ask the Court to compel Defendants to post notice of the Order in all 15 immigration detention facilities within the Ninth Circuit. In making their request, "Plaintiffs do not dispute that Defendants have sought to identify in good faith all Class members detained pursuant to § 1231(a)(6) and have notified the immigration courts to schedule bond hearings for all identified Class members detained for more than 180 days." (*See* Dkt. No. 46 at 9.) Plaintiffs instead request posting of the notice as a "procedural safeguard" to "ensure Defendants' full and timely compliance" with the Order and their obligations to notify class members of their rights. (*Id.*) Plaintiffs base this request on their knowledge of "at least one Class member who was not timely scheduled for a prolonged detention bond hearing," and "the large percentage of individuals in immigration detention who are not represented by counsel." (*Id.* at 10.) Defendants oppose Plaintiffs' request on the grounds that it is "premature and unnecessary because Defendants are already complying with the Court's order and public notices are an inefficient and ineffective way to facilitate compliance." (Dkt. No. 47 at 10.)

The Court agrees that Plaintiffs' request is premature. Plaintiffs identify a single instance in which a bond hearing was delayed after a class member reached six months in detention; however, Plaintiffs acknowledge that the individual reached six months in detention *before* the Order and "received a bond hearing pursuant to [the Order] on August 27, 2018." (Dkt. No. 46-2, Ex. E at ¶ 4.) Plaintiffs otherwise "do not dispute" that Defendants are engaged in good faith efforts to comply with the Order. Absent any allegations that Defendants have failed to schedule bond hearings for class members pursuant to the Order, the Court is not convinced that posting notice of the Order is required.

### CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiffs' motion to enforce the Order. Plaintiffs' interpretation of the certified class is too broad, and Plaintiffs have not shown that Defendants have otherwise failed to comply with the Order.

This Order disposes of Docket No. 46.

**IT IS SO ORDERED.**

Dated: January 25, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge